UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE SARSOUN,

    Plaintiff,

v.                                               Case No:   6:14-cv-2054-Orl-18TBS

BANK OF AMERICA CREDIT CO.,
JUNIPER CREDIT CO., COMMUNITY
CREDIT, GM CREDIT CO., CITIBANK
CREDIT CO. and DISCOVER CREDIT
CO.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on its own motion.  On December 15, 2014 *pro se* Plaintiff Lawrence Sarsoun initiated this action against Defendants Bank of America Credit Co., Juniper Credit Co., Community Credit, GM Credit Co., Citibank Credit Co., and Discover Credit Co. (Doc. 1).  Plaintiff's one paragraph complaint lacks clarity, and after reading it multiple times I am not sure I understand precisely what Plaintiff is alleging.  My best guess is that he contends that debts can only be paid in "dollars" which, according to the Coinage Act of 1792 are silver coins last minted in 1937.  Plaintiff avers that he asked the Federal Reserve in Chicago to convert Federal Reserve Notes into silver coins and was rebuffed.  Therefore, he concludes that Federal Reserve Notes are not dollars.  Plaintiff made charges using credit cards issued by Defendants.  Now, he complains that they defrauded him because they did not lend him "dollars."  He also complains that because Federal Reserve Notes are not dollars, he is unable to comply with Defendants' demands for payment.  (Doc. 1).  In his complaint, Plaintiff indicates that he is proceeding "in forma pauperis."  However, he has not paid the filing fee or filed an application to proceed in district court without the prepayment of fees.  He also has

not requested that summonses be issued.  For the reasons that follow, I respectfully recommend the Court dismiss Plaintiff's complaint with prejudice.

## Discussion

Generally, an individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  But, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*.  See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

A. Frivolous Claim

Plaintiff's contention that Defendants committed fraud by failing to lend him legal tender ("dollars" in the form of silver coins) is without merit.  Similar arguments have been consistently rejected by federal courts as patently frivolous.  See Carrington v. Fed. Nat. Mortg. Assoc., No. 05-CV-73429-DT, 2005 WL 3216226, at *2-3 (E.D. Mich. Nov. 29,

2005) (citing to United States v. Whitesel, 543 F.2d 1176, 1181 (6th Cir. 1976), Birkenstock v. Comm'r of Internal Revenue, 646 F.2d 1185, 1186 (7th Cir. 1981), United States v. Schmitz, 542 F.2d 782, 785 (9th Cir. 1976), Nixon v. Indiv. Head of St. Joseph Mortg. Co., 615 F. Supp. 898 (N.D. Ind. 1985)); see also Kennedy-Burdick v. Czarnecki, No. Civ. 01-898 PHX, 2002 WL 511484, at *4 (D. Ariz. Feb. 14, 2002); cf. Kuder v. Wash. Mut. Bank, No. CIV S-08-3087 LKK DAD PS, 2009 WL 2868730, at *3 (E.D. Cal. Sept. 2, 2009); Silverman v. Lewis, No. C 09-00543 JW, 2009 WL 951797, at * 2 (N.D. Cal. April 7, 2009); Rodriquez v. Countrywide Home Loans, Inc., Nos. 08-23119-CIV, 08-23032-CIV, 08-23118-CIV, 08-61808-CIV, 08-23303-CIV, 2008 WL 8980452, at *2 (S.D. Fla. Dec. 29, 2008).

Therefore, I recommend that Plaintiff's complaint be dismissed. Given the obvious lack of merit in Plaintiff's allegations, I find that leave to amend would be futile. Kuder, 2009 WL 2868730, at *3; Roller v. Dept. of Justice, No. 6:13-cv-1770-Orl-36KRS, 2014 WL 2744814, at *1 (M.D. Fla. June 17, 2014); Cotrich v. Gibbart, No. 6:05-cv-294-Orl-28KRS, 2013 WL 1881537, at *9 (M.D. Fla. April 18, 2013). For this reason, I respectfully recommend that Plaintiff's complaint be dismissed with prejudice.

### B. Failure to State a Cause of Action

The complaint should also be dismissed because Plaintiff has failed to state a cause of action. To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of the respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). When a complaint alleges fraud or mistake, FED. R. CIV. P. 9(b) imposes a heightened

pleading standard, requiring that the circumstances constituting fraud be stated with particularity. The complaint must inform each defendant of his alleged participation in the fraudulent scheme. Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1381 (11th Cir. 1997). A plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Id. Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Even if Plaintiff's claim was not frivolous, his complaint would still be deficient because it does not list the pertinent facts in numbered paragraphs, it does not allege fraud with the specificity required by Rule 9, and it fails to state a cognizable claim upon which relief can be granted. Therefore, I respectfully recommend that Plaintiff's complaint be dismissed.

### C. Failure to Establish Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Parties seeking to invoke the Court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). I find that Plaintiff's complaint should be dismissed because he has failed to allege the basis of the

Court's subject matter jurisdiction.

## Conclusion

For these reasons, I **respectfully recommend** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on December 19, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    *Pro se* Plaintiff
    Counsel of Record